```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MRS PROPERTY INVESTMENTS, INC.,

                  Plaintiff,             MEMORANDUM & ORDER
                                         21-CV-1104(EK)(AYS)

          -against-

RICHARD BIVONA, et al.,

                  Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff MRS Property Investments, Inc. ("MRS") originally filed this action in New York State Supreme Court, Suffolk County, against Richard Bivona and other defendants. MRS asserted various state-law claims arising out of Bivona's alleged fraud in the course of a real estate transaction. Bivona removed the case to federal court on March 1, 2021. *See* Notice of Removal, ECF No. 1. Plaintiff now moves for remand, arguing that this Court lacks subject matter jurisdiction and that the removal was procedurally defective. *See* Motion to Remand, ECF No. 11. Plaintiff also seeks payment of attorneys' fees under 28 U.S.C. § 1447(c). *See id.*

        For the following reasons, I conclude that this Court lacks subject matter jurisdiction over this action and that, in any event, Bivona's Notice of Removal was untimely. Therefore,

Plaintiff's motion to remand is granted.  I refer the question of attorneys' fees and costs to the assigned Magistrate Judge.

## I.   Discussion

A removing defendant "has the burden of establishing that removal is proper."  *United Food & Commercial Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991).

**A.   This Court Lacks Subject Matter Jurisdiction**

Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  There is no diversity of citizenship alleged here.  Thus, Bivona bears the burden of establishing that this suit "aris[es] under" federal law.  28 U.S.C. § 1331.  In doing so, he must satisfy the well-pleaded complaint rule, in which "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (cleaned up).

2

"As a general rule, a suit seeking recovery under state law cannot be transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 115 (1936)). Accordingly, "in a case of removal based on federal question jurisdiction, the relevant inquiry is whether the plaintiff would have been entitled to file its complaint originally in federal court rather than state court." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013).

The sole federal question articulated in Bivona's Notice of Removal is the argument that he was denied "his due process right under the 14th Amendment to the U.S. Constitution" when the New York State Supreme Court judge issued a preliminary injunction barring Bivona from entering the property at issue. *See* Notice of Removal ¶ 11.[1] But "a claim that a state court has violated due process in its handling of a case pending in state court does not permit a defendant to remove that state case on

---

[1] Bivona's Notice of Removal also asserts that Plaintiff violated Bivona's "due process" rights by changing the locks at the premises without a "Warrant of Eviction signed by a Judge." Notice of Removal ¶¶ 7-8. This argument is insufficient to confer subject matter jurisdiction for the reasons set forth below, and is meritless in any event because Plaintiff is not a state actor. *See Rendell-Baker v. Kohn,* 457 U.S. 830, 838 n.6 (1982) ("[T]he Fourteenth Amendment is only offended by action of the state.").

3

the basis of federal question jurisdiction." *Csikota v. Tolkachev*, No. 08-CV-5283, 2010 WL 370284, at *2 (E.D.N.Y. Jan. 29, 2010) (internal quotations omitted); *Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 118 (E.D.N.Y. 2005) (same). And the Fourteenth Amendment issues — whatever their merit — appear nowhere in the Plaintiff's complaint; instead, they function as a defense to the Plaintiff's motion for injunctive relief and the basis for his counterclaim.

Bivona's due process claim thus fails to establish federal jurisdiction. "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden*, 556 U.S. at 60; *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (where a complaint alleges only state-law claims, it "may not be removed to federal court on the basis of a federal defense"). Nor can federal jurisdiction rest upon an "actual or anticipated counterclaim." *Vaden*, 556 U.S. at 60. MRS's complaint does not allege a federal question; therefore, remand is required for lack of subject matter jurisdiction.

**B.   The Notice of Removal Was Untimely**

In any event, the Notice of Removal was untimely. Bivona was required to file his Notice of Removal "within thirty days after [his] receipt . . . through service or otherwise, of a copy of the initial pleading" in the state case. 28 U.S.C. § 1446(b). And as noted above, Bivona "bears the burden of

4

demonstrating the propriety of removal." *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994). In New York State actions, the thirty-day period for removal is measured from the date service is "complete," which N.Y. C.P.L.R. § 308(2) defines as ten days after the filing of proof of service showing "simultaneous service of the summons and complaint, or receipt of the complaint after and apart from service of the summons." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999); *Creative Kids Far E. Inc. v. Griffin*, No. 15-CV-06027, 2016 WL 8710479, at *3 (S.D.N.Y. Jan. 22, 2016). This deadline is "rigorously" enforced, *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991), and failure to meet it requires remand, *Brooklyn Hosp. Ctr. v. Diversified Info. Techs., Inc.*, 133 F. Supp. 2d 197, 200 (E.D.N.Y. 2001).

Bivona did not even come close to meeting this deadline. MRS's process server attested that he effectuated service upon Bivona's doorman on August 10, and by first class mail on August 11. *See* Declaration of Jordan B. Kaplan in Support of Plaintiff's Motion for Remand ("Kaplan Decl.") at Ex. D, ECF No. 12; N.Y. C.P.L.R. § 308(2).[2] The Affidavit of

---

[2] Plaintiff's Memorandum of Law asserts that service was effectuated on August 12, 2020, *see* Plaintiff's Brief at 3, but the Affidavit of Service shows August 11, 2020 as the date of service. Kaplan Decl. at Ex. D. The

5

Service, which starts the clock for removal purposes, was filed on August 11, 2020. *Id.* Thus, under C.P.L.R. § 308(2), MRS completed formal service of both the summons and the complaint by August 21, 2020 – ten days after the affidavit was filed.[3] (Plaintiff's counsel also notified Bivona of the lawsuit on August 6, 2020 by emailing Bivona and his attorney.). *See* Kaplan Decl. at Ex. C-a.

Following service, the state court granted MRS's motion to enjoin Bivona from entering the property in question. Kaplan Decl. at Ex. E. It is apparent from the issuance of the preliminary injunction that the state court deemed service to have been properly effectuated. This is because "[i]n New York, a civil action is generally commenced and jurisdiction acquired by service of a summons." *Skyline Agency, Inc. v. Ambrose Coppotelli, Inc.*, 117 A.D.2d 135, 139 (2d Dep't 1986). It is this commencement "which confers statutory authority on the court to grant a preliminary injunction"; otherwise, "the court has no jurisdiction to award such relief." *Hart Island Comm. v. Koch*, 541 N.Y.S.2d 790, 791 (1st Dep't 1989) (holding that where

---

Affidavit – not Plaintiff's Brief — of course serves as the relevant evidence. It creates a rebuttable presumption of proper service. *See, e.g., Old Republic Ins. Co. v. Pacific Fin. Servs. of Am.*, 301 F.3d 54, 57-58 (2d Cir. 2002).

[3] The state court, in its Order to Show Cause, directed as follows: "let service of a copy of this Order to Show Cause, together with the papers upon which it is granted, upon Defendants, via personal service pursuant to CPLR 308 (1) or (2) on or before the 12th day of August, 2020, be deemed good and sufficient service." Kaplan Decl. at Ex. B.

6

plaintiff "never properly brought . . . the valid commencement of an action . . . plaintiff is not entitled to injunctive or any other relief"); *see also Lazaro v. Fed. Nat. Mortg. Ass'n*, 13 N.Y.S.3d 850 (N.Y. Sup. Ct. 2015) ("[I]n the absence of a duly commenced underlying action which confers the requisite statutory authority upon the court to grant a preliminary injunction and service of process, the court has no jurisdiction to award such relief.").

Given that service was complete by August 21, 2020, Bivona was required to file a notice of removal by September 21, 2020. Bivona did not file his Notice of Removal until March 1, 2021, however — over five months late.

In opposing remand, Bivona argues that he was never properly served, and therefore the thirty-day clock has still not started to run. *See* Opposition Brief ("Opp. Br.") at 4 (citing *Murphy Bros.*, 526 U.S. at 344). Bivona does not, however, deny the allegations in the process server's Affidavit of Service. Instead, he states baldly that there is "no evidence" that he "received any mailing" or that "an email was received" containing the summons and complaint. *Id.* at 3.

New York State, however, does not require actual receipt by a party. Instead, C.P.L.R. § 308(2) requires that the summons be delivered to a "person of suitable age and discretion" at the dwelling or abode of the person to be served.

7

*See Pope v. Rice*, No. 04-CV-4171, 2005 WL 613085, at *14 (S.D.N.Y. Mar. 14, 2005) ("Substituted service is complete when: a) a person of suitable age and discretion is served; and b) a copy of the summons and complaint is mailed to the defendant; and c) upon the expiration of ten days after proof of such service has been filed.").

Plaintiff's process server attested that he left the summons and verified complaint with Bivona's doorman, after the doorman "refused to call upstairs." *See* Kaplan Decl. at Ex. D ¶ 5. This is sufficient; New York law provides that a "doorman is presumptively a person of suitable age and discretion." *Colonial Nat'l Bank, U.S.A. v. Jacobs*, 727 N.Y.S.2d 237, 239 (N.Y. Civ. Ct. 2000) (citing *F.I. duPont, Glore Forgan & Co. v. Chen*, 41 N.Y.2d 794, 797 (1977) (interpreting Section 308(2))). Moreover, when "a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested." *F.I. DuPont*, 41 N.Y.2d at 797. In such cases, the "doorman becomes all the more 'suitable' as a repository of the papers because he is in effect the only accessible party." *131 Main St. Assocs. v. Manko*, 897 F. Supp. 1507, 1525 (S.D.N.Y. 1995); *see also Three Crown Ltd. P'ship v. Caxton Corp.*, 817 F. Supp. 1033, 1051 (S.D.N.Y. 1993) (service on doorman suitable).

8

Section 308(2) of the C.P.L.R. also requires service to be effectuated by first class mail, and MRS's process server attested to service by that method as well. *See* N.Y. C.P.L.R. § 308(2); Kaplan Decl. at Ex. D ¶ 6. Bivona's claim that there is "no evidence that [he] ever received any mailing[,]" Opp. Br. at 3, is likewise irrelevant. *E.g.*, *Jiao v. First Int'l Travel, Inc.*, 2004 WL 1737715, at *3 (S.D.N.Y. Aug. 4, 2004) ("Service is valid under [Section 308(2)] as long as the summons is mailed, even if the defendant never receives the copy sent by mail."); *Perez v. Cty. of Westchester*, 83 F. Supp. 2d 435, 441 (S.D.N.Y.), *aff'd*, 242 F.3d 367 (2d Cir. 2000) ("Even if [the] denial of receipt by mail is credited, counsel for Perez nonetheless complied with the requirements of the [308(2)] provision. . . .").

In New York, "a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [courts] presume that [the defendant] was properly served with the complaint." *Old Republic Ins. Co.*, 301 F.3d at 57. Bivona has asserted no "contrary facts" here to contest the process server's affidavit. He has submitted no affidavit contradicting the affidavit, nor has he set forth any facts supporting his claim that service was improper. The conclusory assertion in his Notice of Removal that he was "not served in accordance with

9

the requirements of New York's Civil Practice Law and Rules" does not, needless to say, suffice. Notice of Removal ¶ 2; Opp. Br. at 3. Because Bivona has not carried his burden of demonstrating that the removal was timely, remand is required.

## II. Conclusion

For the foregoing reasons, Defendant has not carried his burden of demonstrating (1) that subject matter jurisdiction exists and (2) that the Notice of Removal was timely filed. Therefore, Plaintiff's motion to remand is granted. This Court will retain jurisdiction solely over the collateral matters of awarding attorneys' fees and costs under 28 U.S.C. § 1447(c), and assessing sanctions (pursuant to Plaintiff's request) under Rule 11(b) of the Federal Rules of Civil Procedure. *See Bryant v. Britt*, 420 F.3d 161, 164-65 (2d Cir. 2005) (district courts have jurisdiction over motion for fees and costs under Section 1447(c) and Rule 11 motions even "after a remand order has issued."); *Pisciotta v. Dobrynina*, No. 08-CV-5221, 2009 WL 159605, at *4 (E.D.N.Y. Jan. 22, 2009) (retaining jurisdiction following remand "for the sole purpose of determining the propriety of Rule 11 sanctions"); *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 474 (S.D.N.Y. 2006) (retaining jurisdiction "solely for the purpose of setting the amount of costs and attorneys' fees").

The Clerk of Court is respectfully directed to remand

10

the action to the Supreme Court of the State of New York, Suffolk County and to send a certified copy of this Order to the Clerk of that court, and close this case. The issues of whether to award attorneys' fees and — if so — the amount to be awarded, as well as whether to impose sanctions, are respectfully referred to the assigned Magistrate Judge for report and recommendation.

       SO ORDERED.

                                   /s/ Eric Komitee
                                   ERIC KOMITEE
                                   United States District Judge

Dated:    May 3, 2021
            Brooklyn, New York