UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MRS PROPERTY INVESTMENTS, INC.,

                              Plaintiff,                          **REPORT AND RECOMMENDATION**

            -against-                                      CV 21-1104 (EK) (AYS)

RICHARD BIVONA, et al.,

                              Defendants.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Before the Court, on referral from the Honorable Eric Komitee for Report and Recommendation, is Plaintiff's motion for attorney's fees and costs, as well as sanctions pursuant to Federal Rule of Civil Procedure 11, for the improper removal of this action by Defendant Richard Bivona. For the following reasons, this Court respectfully recommends that Plaintiff's motion for attorney's fees and sanctions be granted and that judgment be entered jointly and severally against Defendant Bivona and his counsel.

BACKGROUND

       Plaintiff, MRS Property Investments, Inc. ("MRS" or "Plaintiff") originally commenced this action in New York Supreme Court, Suffolk County, against Defendant Richard Bivona ("Bivona" or "Defendant"), as well as others, alleging various state-law claims arising out of Bivona's purported fraud in the course of a real estate transaction. (Mem. and Order of Komitee, J., dated May 3, 2021, Docket Entry ("DE") [22], at 1.) Bivona removed the action to this Court on March 1, 2021. (Not. of Removal, DE [1].) Shortly thereafter, MRS moved to remand this action, arguing that the Court lacked subject matter jurisdiction and that the removal was untimely, rendering it procedurally defective. (DE [10].) As part of its motion, MRS sought attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c). (Id.)

After full briefing of the issue, the District Court granted MRS's motion, finding that the Court lacked subject matter jurisdiction since MRS's Complaint did not allege a federal question – and there was no diversity of citizenship – and that, in any event, the Notice of Removal was untimely. (DE [22] at 4.) The District Court then referred the issue of attorney's fees and Rule 11 sanctions to this Court for a Report and Recommendation.

MRS now seeks $7,139.00 in attorney's fees and costs, as well as in sanctions against Bivona's attorney, Stephen Grossman ("Grossman"), pursuant to Rule 11. Bivona and his counsel oppose the motion. Their opposition does not dispute the appropriateness of MRS's application. Instead, they challenge only the amount sought by MRS. (DE [24].) The Court now turns to the merits of the motion.

## DISCUSSION

I. Legal Standards

    A. Attorney's Fees Under the Removal Statute

Pursuant to the federal removal statute, a court ordering remand "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." Surgicore of Jersey City v. Anthem Life & Disability Ins. Co., No. 19-cv-3482, 2020 WL 5852227, at *2 (E.D.N.Y. Sept. 25, 2020) (quoting 28 U.S.C. § 1447(c)). "The goal of this provision is to deter improper removal." Greenridge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12 (E.D.NY. 1999). "While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff

initiated it." Circle Indus. USA, Inc. v. Parke Constr. Group, Inc., 183 F.3d 105, 109 (2d Cir. 1999).

As the United States Supreme Court has found, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Accordingly, where the removing party lacks an "objectively reasonable basis for removal," attorney's fees may be awarded. See id. "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." Surgicore, 2020 WL 5852227, at *2 (citing Williams v. International Gun-A-Rama, 416 Fed. App'x 97, 99 (2d Cir. 2011)).

    B.    <u>Rule 11 Sanctions</u>

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information."

Fed. R. Civ. P. 11(b). Under Rule 11 standards, it is not "enough for an attorney to claim that he acted in good faith, or that he was personally unaware of the groundless nature of an argument or claim." Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) (quoting Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985)). Rather, Rule 11 "explicitly and unambiguously imposes an

3

affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." Four Keys, 849 F.2d at 774 (quoting Eastway Constr. Corp., 762 F.2d at 253).

II.  Analysis

The Court finds that Bivona lacked any objectively reasonable basis for removal in this action. As the District Court held, there is no diversity of citizenship here and the Complaint raises no federal question. (DE [22] at 2-3.) Rather, Bivona's sole basis for removal was that he was denied "his due process rights under the 14th Amendment to the U.S. Constitution," (Not. of Removal ¶ 11), which the District Court found insufficient to confer federal jurisdiction over this action. (DE [22] at 3-4.)

Moreover, as the District Court also held, the Notice of Removal was patently untimely, having been filed more than 200 days after Bivona was served with the Summons and Complaint in the state court action. (DE [22] at 5-7.) While Bivona argued in opposition to MRS's motion to remand that he was never properly served in the state court action, the District Court rejected that argument and held that service was complete upon Bivona on August 21, 2020, requiring any removal to have been effectuated by September 21, 2020. (Id. at 6-10.)

It is clear from the parties' papers that Bivona, and his attorney, Grossman, removed the state court action to this Court only to delay execution of the state court's preliminary injunction, which was granted to MRS on November 9, 2020, restraining Bivona from entering the property at issue in this lawsuit. (DE [12] at Ex. E.) Despite being afforded the opportunity to submit renewed opposition to the within motion,

Bivona and Grossman failed to offer any argument as to why attorney's fees and sanctions should not be awarded. Rather, they challenge only the amount sought.

"Applying 'a test of overall fairness,'" this Court respectfully recommends that an award of attorney's fees is warranted in this action as Bivona lacked any objectively reasonable basis for removing the action to this Court. Burton v. PGT Trucking, Inc., No. 16-CV-9985, 2018 WL 2849721, at *3 (S.D.N.Y. June 11, 2018) (quoting Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau, 767 F. Supp. 561, 563 (S.D.N.Y. 1991), aff'd, 971 F.2d 917 (2d Cir. 1992)). The Court further recommends that sanctions be imposed against attorney Grossman under Rule 11 since removal here was nothing more than a tactical decision undertaken to delay imposition of the state court's preliminary injunction. "A competent attorney, after reasonable inquiry into the applicable law and the facts and procedural history of this case would have known that there was no justification whatever for the removal of this action." Four Keys, 849 F.2d at 774. Thus, removal here "could not have been filed in good faith." Id.

III.   Calculation of Attorney's Fees and Sanctions

MRS requests $7,139.00 in attorney's fees and sanctions. This represents 15.7 hours of attorney time billed at a rate of $440 per hour, for a total amount of $6,908.00, as well as $231.00 in filing fees. (DE [21-1].) Contemporaneous billing records are attached to Plaintiff's application. (Id.)

As stated above, Bivona and Grossman offer no opposition to the appropriateness of the award sought. Rather, they argue that the fees sought should be reduced because some of the hours billed and the filing fees sought relate solely to the state court action and not to the removal. (DE [24].) Upon consideration, the Court finds the amount

5

sought appropriate. Moreover, given the egregious nature of Bivona's and Grossman's conduct, this Court respectfully recommends that any request on their part to reduce the fees sought by Plaintiff be denied. In sum, this Court finds the fees and costs sought to be an appropriate amount and recommends they be awarded in full.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for attorney's fees and sanctions be granted and that MRS be awarded attorney's fees and sanctions in the amount sought of $7,139.00. It is further recommended that judgment be entered jointly and severally against both Defendant Richard Bivona and his counsel, Stephen Grossman.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
      September 22, 2021                                      /s/      Anne. Y. Shields
                                                                                ANNE Y. SHIELDS
                                                                                United States Magistrate Judge